06 CV 7801

**DEUTSCH ATKINS, P.C.**
25 Main Street, Suite 104
Court Plaza North
Hackensack, New Jersey 07601
Tel: (201) 498-0900
Attorneys for Plaintiff
Bruce L. Atkins, Esq. (BA-4455)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SEP 2 8 2006
U.S.D.C. S.D.N.Y.
CASHIERS

| | |
|---|---|
| **MARY SBASCHNIG** | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | |
| **CLARENDON INSURANCE GROUP, INC.** and **HANNOVER RE** | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Mary Sbaschnig, by way of Complaint against the Defendants, Clarendon Insurance Group, Inc. and Hannover Re, hereby says:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§ 1331 and 1343(a) (3) and (4), 29 U.S.C. § 621 et seq.; the supplemental jurisdiction of this Court over state and city claims is invoked under 28 U.S.C. § 1367(a).

2.      Venue is proper within this District since the unlawful practices complained of herein all occurred within the Southern District of New York, the State of New York, and the City of New York.

3. Injunctive and declaratory relief damages and other appropriate legal and equitable relief are sought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII").

4. Injunctive and declaratory relief damages and other appropriate legal and equitable relief are sought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") and New York State contract law.

5. Plaintiff, Mary Sbashing, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 19, 2004, complaining of acts of gender discrimination and retaliation against the Defendants herein. Upon information and belief, and in accordance with standard practice, the EEOC referred a copy of Plaintiff's charges to the New York State Division of Human Rights.

6. On or about June 30, 2006, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff has fully complied with the administrative prerequisites of Title VII and exhausted the administrative remedies provided therein.

## PARTIES

7. Plaintiff, Mary Sbaschnig, (hereinafter "Plaintiff"), an individual, resides at 75 North Avenue, Park Ridge, Bergen County, New Jersey 07656, and was employed by Defendant, Clarendon Insurance Group, Inc. from 1989 until December 2004, most recently as its Senior Vice President and Chief Information Officer ("CIO").

8. Defendant, Clarendon Insurance Group, Inc. (hereinafter "Clarendon"), a New York corporation, has its principal offices at 466 Lexington Avenue, 19th Fl. New York, N.Y. 10017. Clarendon is engaged in the business of property and casualty insurance.

2

9.      Defendant, Hannover Re (hereinafter "Hannover") is a German corporation with principal offices in Hannover Germany, and wholly owns Clarendon.

10.     All major decisions concerning the business and operations of Clarendon are made and/or must be approved by Hannover, whose Chairman of the Executive Board, Wilhelm Zeller, is also the Chairman of Clarendon's Chief Executive Board.  Therefore, Mr. Zeller is involved in most decisions at Clarendon, including but not limited to those pertaining to the hiring, retention and termination of members of Clarendon's upper management.

## PERTINENT FACTS

11.     At all relevant times, Plaintiff's performance in her various management level positions was exemplary and more than met Defendants' highest expectations in all regards, as evidenced by her Performance Reviews and increasingly higher compensation.

12.     At all relevant times, Clarendon's upper management consisted of approximately twelve executives, three of which were female.  Because Plaintiff is a female, Defendants treated her differently than male executives, she faced a "glass ceiling" and was not promoted, and she was ultimately terminated for complaining about gender discrimination.

13.     Between 2001 and 2004, Plaintiff, along with Clarendon's Accounting Managers, Gary Ropecki, Dave Heller, and its Chief Financial Officer, Anders Larsson, was involved in a major project called the "Accounting Reinsurance Development System" (hereinafter the "Project").  Plaintiff's two male colleagues, in particular, Mr. Larsson, and Mr. Ropecki, an accounting team member, refused to provide her with user support and input to successfully complete the Project.

3

14.     Despite Plaintiff's excellent Management, as set forth in Clarendon's 2002 and 2003 "Objectives Ratings," Defendants blamed Plaintiff for the lack of progress on the Project. But for the fact that Plaintiff is female, Defendants would not have held Plaintiff accountable.

15.     All the employees Defendant Clarendon assigned to the Project, including Mr. Larsson, Mr. Ropecki and Mr. Heller remain employed by Defendants.

## COUNT I

### *(Gender Discrimination - Failure to Promote in Violation of Title VII)*

16.     Plaintiff repeats and realleges each and every allegation set forth above as if it were recounted at length herein.

17.     Throughout Ms. Sbashnig's employment, she sought and obtained many promotions. Beginning in approximately 1995, Ms. Sbashnig began working towards obtaining the positions of Chief Operating Officer ("COO"), President and Chief Executive Officer ("CEO").

18.     In mid-2000, Robert Ferguson, Clarendon's President at the time, left the Company and recommended to Defendants that it appoint Ms. Sbashnig as his replacement, or, at the very least, Clarendon's COO.

19.     Rather than considering Ms. Sbashnig for the position of President when Mr. Ferguson left Clarendon, Defendants promoted Dr. Detlef Steiner to the position of President and CEO of Clarendon. Dr. Steiner previously served on Hannover Re's supervisory board.

20.     In October 2004, Defendants removed Dr. Steiner as Clarendon's President and CEO. Although Ms. Sbashnig was more than qualified for the position, Defendants selected Steven Najjar, formerly employed at a Clarendon subsidiary in Orlando, Florida, to serve as

Clarendon's new President and CEO, even though he had no experience in property and casualty insurance.

21.     In late 2004, within months of Mr. Najjar becoming President & CEO, Clarendon's Board created the "Office of the President, " (hereinafter "OP").  Despite Plaintiff's position as Senior Vice President and Chief Information Officer, the Board did not appoint her to this executive committee.

22.     In late 2004, Defendants promoted Mr. Larsson to be included in the OP, even though Ms. Sbashnig was more qualified for the position, Defendants had consistently rated her performance superior to Mr. Larsson and Mr. Larsson was chiefly responsible for the lack of progress on the Project.

23.     In 2005, Mr. Larsson received another promotion to serve as Clarendon's COO.

24.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision not to promote her to the position of COO, CEO, President and OP was motivated, in whole or in part, by Plaintiff's gender.

25.     As such, Defendants' actions constitute gender discrimination in violation of Title VII.

26.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of

benefits, emotional distress and punitive damages, court costs and fees, pre- and post-judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

## COUNT II
### *(Gender Discrimination - Failure to Promote in Violation*
### *of the New York Human Rights Law § 296(1)(a))*

27.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

28.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision not to promote her to the position of COO, CEO, President and OP was motivated, in whole or in part, by Plaintiff's gender.

29.     Defendants' conduct, as described above, constitutes gender discrimination in violation of the New York Human Rights Law.

30.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of benefits, emotional distress and punitive damages, court costs and fees, pre- and post judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

6

## COUNT III

### *(Gender Discrimination – Failure to Promote in Violation of the New York City Administrative Code 8-107(1)(a))*

31.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

32.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision not to promote her to the position of COO, CEO, President and OP was motivated, in whole or in part, by Plaintiff's gender.

33.     Defendants' conduct, as described above, constitutes gender discrimination in violation of the New York City Administrative Code.

34.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of benefits, emotional distress and punitive damages, court costs and fees, pre- and post-judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

## COUNT IV

### *(Gender Discrimination - Termination in Violation of Title VII)*

35.     Plaintiff repeats and realleges each and every allegation set forth above as if it were recounted at length herein.

36.     In December 2004, the Board removed Plaintiff from her position as Senior Vice President and CIO, and told her that she could remain employed as Clarendon's Human Resources Director, earning approximately half of her then present compensation.

37.     Within days of Plaintiff's demotion, Defendants terminated her for a pretextual reason, *i.e.*, discussing, in general terms, the fact that her position had been changed with a colleague.

38.     When Plaintiff was removed from her position as Senior Vice President and CIO, Michael Anselmo, a male, filled the vacant CIO position.  Another male, Dennis Brazil, was chosen to fill the position of Chief Administrative Officer, and became responsible for Clarendon's Human Resources and Industrial Technology Departments.

39.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision to terminate her employment, was motivated, in whole or in part, by Plaintiff's gender.

40.     Defendants' conduct, as described above, constitutes gender discrimination in violation of Title VII.

41.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of benefits, emotional distress and punitive damages, court costs and fees, pre- and post-judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

## COUNT V

### (Gender Discrimination - Termination in Violation of the New York Human Rights Law § 296(1)(a))

42.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

43.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision to terminate her employment was motivated, in whole or in part, by Plaintiff's gender.

44.     Defendants' conduct, as described above, constitutes gender discrimination in violation of the New York State Human Rights Law.

45.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of benefits, emotional distress and punitive damages, court costs and fees, pre- and post-judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

## COUNT VI

### (Gender Discrimination - Termination in Violation of the New York City Administrative Code 8-107(1)(a))

46.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

9

47.     Defendants' disparate treatment of Plaintiff, including, but not limited to, its decision to terminate her employment was motivated, in whole or in part, by Plaintiff's gender, female.

48.     Defendants' conduct, as described above, constitutes gender discrimination in violation of the New York City Administrative Code.

49.     As a result thereof, Plaintiff suffered a loss of compensation as well as severe emotional harm and psychological trauma, with such associated physical symptoms such as gastrointestinal problems, migraine headaches and sleeplessness.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages, including but not limited to, back pay, front pay, loss of benefits, emotional distress and punitive damages, court costs and fees, pre- and post-judgment interest and such other relief as the Court shall deem just and appropriate under the circumstances.

## COUNT VII

*(Gender Discrimination - Denial of Severance Package in Violation of VII)*

50.     Plaintiff repeats and realleges each and every allegation set forth above as if it were recounted at length herein.

51.     Defendants failed to offer Plaintiff the same severance package it offers its male executives.  In the past, when Clarendon terminated male employees at Plaintiff's level (*i.e.,* upper management) it provided them with severance payments consisting of: (a) up to three (3) years salary; (b) full bonus for the last year employed; (c) health insurance and other benefits for multiple years; (d) deferred compensation; and (e) other plan benefits without limitation.

10

52.     In contrast, because Plaintiff is female, Defendants only offered her one year salary and did not offer her any of the extra compensation it provides to male executives as part of its severance package.

53.     The only reason Defendants failed and/or refused to offer Plaintiff the executive severance package to which she was entitled was because she is a female.

54.     Defendant's conduct, as described above, constitutes gender discrimination in violation of Title VII.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages equal to the severance package defendants failed and refused to provide to her, as well as court costs and fees, pre- and post-judgment interest and such other relief as the court shall deem just and appropriate under the circumstances.

<u>**COUNT VIII**</u>
*(Gender Discrimination - Denial of Severance Package in Violation of the New York Human Rights Law § 296(1)(a))*

55.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

56.     The only reason Defendants failed and/or refused to offer Plaintiff the executive severance package to which she was entitled was because she is a female.

57.     Defendant's conduct, as described above, constitutes gender discrimination in violation of the New York State Human Rights Law.

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages equal to the severance package defendants failed and

11

refused to provide to her, as well as court costs and fees, pre- and post-judgment interest and such other relief as the court shall deem just and appropriate under the circumstances.

## COUNT IX

### *(Gender Discrimination - Denial of Severance Package in Violation of the New York City Administrative Code 8-107(1)(a))*

58.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

59.     The only reason Defendants failed and/or refused to offer Plaintiff the executive severance package to which she was entitled was because she is a female.

60.     Defendant's conduct, as described above, constitutes gender discrimination in violation of the New York City Administrative Code 8-107(1)(a).

**WHEREFORE,** Plaintiff seeks judgment against Defendants, jointly and severally, awarding her compensatory damages equal to the severance package defendants failed and refused to provide to her, as well as court costs and fees, pre- and post-judgment interest and such other relief as the court shall deem just and appropriate under the circumstances.

## COUNT X

### *(Denial of Benefits in Violation of ERISA, 29 U.S.C. 1132(a)(1)(B))*

61.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

62.     During Plaintiff's tenure as an employee, Clarendon maintained a severance plan that qualifies as an ERISA-governed "plan," requiring ongoing administration.

12

63.     Claredon consistently followed a practice and policy of providing employees at Plaintiff's level (*i.e.*, upper management), with severance payments consisting of: (a) up to three (3) years salary; (b) full bonus for the last year employed; (c) health insurance and other benefits for multiple years; (d) deferred compensation; and (e) other plan benefits without limitation.

64.     Plaintiff, through her counsel, appealed this denial to Clarendon, but such appeal was denied.  More than sixty (60) days have passed since such denial.

65.     By failing and/or refusing to comply with its own uniformly followed practice and policies, which constitute a Plan under ERISA, Defendants violated ERISA.

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendants awarding damages pursuant to 29 U.S.C.§1132(a)(1)(B), consequential damages, liquidated damages, pre- and post-judgment interest and attorneys fees and costs of suit pursuant to 29 U.S.C.§1132(g), and such other relief as the Court may deem appropriate.

**DEUTSCH ATKINS, P.C..**
Attorneys for Plaintiff

Dated: September 21, 2006

By: _____
Bruce L. Atkins, Esq. (BA-4455)

13

## JURY DEMAND

The Plaintiff, Mary Sbaschnig, demands a trial by jury as to all causes so triable.

DEUTSCH ATKINS, P.C..

Attorneys for Plaintiff

Dated: September 21, 2006

By: _____

Bruce L. Atkins, Esq. (BA-4455)

14